IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| WIGS FOR KIDS, INC.<br>24231 Center Ridge Road<br>Westlake, Ohio 44145 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| WIGS 4 KIDS OF MICHIGAN, INC. D/B/A/<br>WIGS 4 KIDS WELLNESS CENTER &<br>SALON<br>30126 Harper Avenue<br>Saint Clair Shores, Michigan 48082 | )<br>)<br>)<br>)<br>)<br>) | **PLAINTIFF'S VERIFIED COMPLAINT<br>FOR TRADEMARK INFRINGEMENT** |
| and | )<br>) | |
| MARY "MAGGIE" VARNEY-BIELAT<br>22300 Masonic Boulevard<br>Saint Clair Shores, Michigan 48082 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff Wigs For Kids, Inc. (referred to herein as "Plaintiff"), by and through their undersigned counsel, for their Complaint against Defendant Wigs 4 Kids of Michigan, Inc. d/b/a Wigs 4 Kids Wellness Center & Salon and Defendant Mary "Maggie" Varney-Bielat (collectively referred to herein as "Defendants") aver and allege as follows:

**THE PARTIES**

1. Plaintiff Wigs For Kids, Inc. is a non-profit corporation organized and existing under the laws of the State of Ohio and has an office and principal place of business at 24231 Center Ridge Road, Westlake, Ohio 44145.

2. Defendant Wigs 4 Kids of Michigan, Inc. d/b/a Wigs 4 Kids Wellness Center & Salon is a non-profit corporation organized and existing under the laws of the State of Michigan and has an office and principal place of business at 30126 Harper Avenue, Saint Clair Shores, Michigan 48082.

3. Defendant Mary "Maggie" Varney-Bielat ("Varney"), whose primary residence is 22300 Masonic Boulevard, Saint Clair Shores, Michigan 48082 is the founder and CEO of Wigs 4 Kids of Michigan, Inc.

**JURISDICTION**

4. This is a civil action for trademark infringement of a federally registered trademark under the Lanham Act, Title 15 U.S.C. § 1051 *et seq*.; unfair competition pursuant to Title 15 U.S.C. § 1125; trademark infringement and unfair competition under the common law of the State of Michigan and deceptive trade practices under the Michigan Consumer Protection Act ("MCPA"), M.C.L. §§ 445.901 to .922.

5. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), and 28 U.S.C. § 1331, 1332, 1338(a) (acts of Congress relating to trademarks) and by pendant, ancillary and/or supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

**FACTS**

7. Plaintiff was incorporated in the State of Ohio on October, 19, 1993 and has been using its name continuously and exclusively since its date of incorporation.

8. Plaintiff has served as a non-profit 501(c)(3) charitable organization collecting monetary and hair donations for the purpose of creating custom-made wigs, at no cost, made from real hair for children suffering from hair loss.

9. Plaintiff's mission and services date back to 1981 and currently help 125-150 children annually.

10. Plaintiff is the owner of the existing United States Trademark Registration 3,197,277 (the name "WIGS FOR KIDS" and design) issued on January 9, 2007 and United States Trademark Registration 5,063,365 ("WIGS FOR KIDS" standard character) issued on October 18, 2016 both of which are in International Class 26 (Custom designed and fitted wigs for children with cancer related hair loss), copies of which are attached hereto as Exhibit A-1 and Exhibit A-2 (the "Registered Marks").

11. Plaintiff has used the Registered Marks in commerce continuously since at least October 19, 1993 and previously owned and used in commerce United States Service Mark Registration 2,238,775 (the name "WIGS FOR KIDS" and design), now cancelled, but issued on April 13, 1999 in International Class 40 (Customizing, designing, and fitting wigs and hair replacement systems services to create natural-like hair replacement for children who lose their hair due to cancer and other medical diseases and illnesses) and active until January 21, 2006.

12. U.S Trademark Registration 3,197,277 became incontestable pursuant to 15 U.S.C. § 1065 as of February 24, 2012.

13. Plaintiff has earned an excellent reputation nationally due to its donation process, high-quality of custom-designed wigs, its affiliations with Certified Cosmetic Therapists throughout North America and its marketing efforts.

14. As a result of its marketing efforts and services provided in conjunction with the Registered Marks and name of the charitable organization, Plaintiff has generated substantial goodwill for itself.

3

15.     Upon information and belief, and unbeknownst to Plaintiff, on October 23, 2003, Defendant Varney incorporated Wigs For Kids, Inc. under the laws of the State of Michigan with a stated purpose "[t]o obtain wigs at a discounted rate, in order to purchase a larger supply and provide free services to children and young adults experiencing hair loss due to cancer, or other disease/illness; [and] to educate patients on the care and maintenance of wigs to better deal with social acceptance based on their physical appearance."  A copy of the Michigan Secretary of State Filing dated October 23, 2003 is attached hereto as Exhibit B.

16.     Upon information and belief, on December 15, 2003, Defendant Varney amended and changed the name of the existing corporation, Wigs For Kids, Inc. to Wigs 4 Kids of Michigan, Inc.  A copy of the Michigan Secretary of State filing dated December 15, 2003 is attached hereto as Exhibit C.

17.     Upon information and belief, Defendants began using the trade name "Wigs 4 Kids" in December, 2003.

18.     In 2004, Plaintiff contacted Defendants requesting that Defendants change their name because of the similarity and likelihood of confusion between Plaintiff's name and Registered Marks and Defendant's name and trade name.

19.     In response to Plaintiff's 2004 request, Defendants declined to change their name and instead represented that they would confine their operations to within the State of Michigan.

20.     Upon information and belief, on February 19, 2004, Defendants filed United States Service Mark Application No. 78/370,475 (the name "Wigs 4 Kids, Helping the Self-Esteem of Children" and design) in International Class 35 (Advertising

and marketing, charitable fund raising, letterhead paper, and envelopes for stationary use).

21.     Upon information and belief, United States Service Mark Application No. 78/370,475 was abandoned by the Defendant on July 5, 2005, for failure to respond to an Office Action dated December 3, 2004.

22.     On February 23, 2007, despite Defendants' representation that they would confine their activities to the State of Michigan, Defendants filed United States Trademark Application Number 77/114,225 (the name "Wigs 4 Kids Helping the Self-Esteem of Children 1-586-772-6656" and design) in International Class 26 (Wigs, hairpieces, and add-in and add-on hair accessories constructed primarily of synthetic and/or human hair).

23.     On June 14, 2007 the United States Patent and Trademark Office issued an Office Action rejecting Defendants' Application No. 77/114,225 on the basis that there was a likelihood of confusion with Plaintiff's Registered Marks based on the dominant features consisting of "Wigs 4 Kids" and "Wigs for Kids", respectively, a copy of the June 14, 2007 Office Action is attached as Exhibit D.

24.     Upon information and belief, United States Trademark Application No. 77/114,225 was abandoned by the Defendants on January 10, 2008, for failure to respond to the Office Action dated June 14, 2007.

25.     Upon information and belief, on August 15, 2007, Defendants registered in the State of Michigan, the service mark "Wigs 4 Kids"[1] (the "Service Mark") claiming October 30, 2003 as the date of first use in both Michigan and the United States.

---

[1] The Michigan registration lists the owner as Wigs 4 Kids and not Wigs 4 Kids of Michigan, Inc.

26. On or around September 27, 2012, actual confusion arose between Plaintiff's Registered Marks and Defendants' name, Service Mark and trade name, wherein a potential donor to Plaintiff directed a sizeable donation, which was never recovered by Plaintiff, to Defendant instead of to Plaintiff because of the similarity of the names.

27. Upon information and belief, between September 2012 and the present, there continues to be actual confusion between the Plaintiff's and Defendants' non-profit organizations and associated trademarks.

28. In February 2016, Plaintiff was contacted by Oxnard Cats Entertainment, LLC ("Oxnard") requesting a release to use Plaintiff's name and other materials of Plaintiff while filming a segment for a television production entitled "Total Divas".

29. Oxnard intended to film a segment involving WWE Wrestling Association wrestler Daniel Bryan ("Bryan") who upon retirement intended to cut and donate his "famous" locks of hair to Plaintiff.

30. On February 9, 2016, Bryan was filmed getting his hair cut for the benefit of Plaintiff. Exhibit E is a screenshot of an Instagram post by Bryan on or around February 9, 2016.

31. On February 10, 2016, Ryan Satin ("Satin") the founder and editor in chief of the blog "Pro Wrestling Sheet" (www.prowrestlingsheet.com/wigs-4-kids-daniel-bryan-hair-donation-gratitude/) published an article documenting the donation by Bryan. Exhibit F is a screenshot of the article.

32. Upon information and belief, Defendant Varney gave an interview to Satin wherein Varney misrepresented that Defendants were the recipient of Bryan's hair and that they were contacted by a producer for "Total Divas".

33. Upon information and belief, during the interview Satin made multiple references to Defendants' organization as the recipient of the hair donation by Bryan to which Defendant Varney, made no attempt to correct Satin's mistake.

34. On February 10, 2016, Ryan Clark of the blog "EWRESTLINGNEWS" (http://www.ewrestlingnews.com/news/wigs-4-kids-reacts-to-daniel-bryan-donating-his-hair-to-their-charity) reported on Satin's interview with Defendant Varney and provided a link to Defendants' website, www.wigs4kids.org.  Exhibit G is a screenshot of the article.

35. Thereafter, multiple blogs and websites picked up the story, including Wikipedia.org which is a crowd-sourced depository of information for the general public.

36. On March 28, 2016, Plaintiff, through counsel, sent a cease and desist letter (a true and correct copy of which is attached hereto as Exhibit H) to Defendants detailing the actual confusion and harm to Plaintiff from Defendants actions resulting from the similarity of the Registered Marks with Defendants' name and Service Mark "Wigs 4 Kids" as it relates to identical services.

37. Thereafter, Defendants refused to halt the use and promotion of their infringing Service Mark in connection with the identical goods and services, and continues to solicit donations, offer, advertise, promote such goods and services under their Service Mark as of the date of filing of this Complaint (as shown in Exhibit I).

38. The likely result of Defendants' infringement of Plaintiff's Registered Marks is that individuals and corporations will infer an affiliation between the goods and services of Plaintiff and Defendant when in fact there is none.

39. Defendants' trademark infringement will likely induce individuals and corporations to believe that the same entity collects hair and makes wigs for children with

cancer, and they may believe they are sending their donation to Plaintiff when in fact it went to Defendants.

40. Plaintiff is now seeking to avoid confusion and protect its goodwill and reputation.

<b><u>COUNT I</u></b><br><b>TRADEMARK INFRINGEMENT</b><br><b>(15 U.S.C. § 1114)</b>

41. Plaintiff incorporates the allegations set forth in paragraphs 1-39 as if fully restated here.

42. Plaintiff is the owner of the Registered Marks and all common law rights in the "Wigs For Kids" trademark.  Under 15 U.S.C. § 1115, the Registered Marks are *prima facie* evidence of the validity of the mark and of Plaintiff's exclusive right to use the Registered Marks in commerce.

43. Defendants' solicitation of donations, marketing and promotion of its goods and provision of its services under the "Wigs 4 Kids" Service Mark is likely to and has caused confusion, mistake and/or deception as to the origin, source, or sponsorship of Defendants' goods and services, or as to an association, affiliation, or connection of Defendants with Plaintiff and therefore constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

44. Upon information and belief, Defendants' acts, in particular the continued infringement after full notice of Plaintiff's rights, have been committed with the deliberate intent to cause confusion, mistake and to deceive.

45. Upon information and belief, Defendants have unjustly benefited by their unlawful actions.

46.     If not enjoined by this Court pursuant to 15 U.S.C. § 1116, Defendants will continue to solicit donations, market, promote their goods, and provide services under "Wigs 4 Kids" and otherwise exploit imitations of Plaintiff's Registered Marks for their own use in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §§1114.

47.     As a result of Defendants' willful, deliberate, and malicious activities and conduct, Plaintiff, donors and the children Plaintiff serves to assist have been harmed and will continue to be harmed.  Accordingly, Plaintiff is entitled to recover its statutory damages, treble damages, Plaintiff's attorneys' fees, investigative fees and prejudgment interest, the costs of this action pursuant to 15 U.S.C. § 1117(a), and such other and further relief as the Court may deem just and proper.

48.     Damages alone will not provide Plaintiff with an adequate remedy at law.

49.     Plaintiff requests that the Court preliminarily and permanently enjoin Defendants from continued and future infringement of the Plaintiff's Registered Marks.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. §1125(a))**

50.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

51.     Plaintiff has expended substantial resources, including time and money in building the Registered Marks and associated goods and services.

52.     Defendants have advertised and utilized the Registered Marks without Plaintiff's permission, with the intent to create an association and affiliation with Plaintiff and to trade-off the goodwill of the Registered Marks.

53.     The continued use by Defendants of colorable imitations of the Registered Marks as set forth above and their continued acts as described throughout, constitutes

9

unfair competition with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and violation of Plaintiff's exclusive rights to exploit the Registered Marks.

54. Upon information and belief, Defendants have unjustly benefited by their unlawful actions.

55. Plaintiff has been and continues to be damaged by the confusion caused by Defendants' unlawful actions.

56. Defendants' use of a colorable imitation of Plaintiff's Registered Marks has caused and is causing Plaintiff to lose control of the goodwill associated with its marks, thus irreparably harming Plaintiff. Defendants' conduct and acts, as alleged above, will continue to cause irreparable harm of Plaintiff unless enjoined by this Court.

57. Damages alone will not provide Plaintiff with an adequate remedy at law.

## COUNT III
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
**(Michigan Common Law)**

58. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

59. This cause of action under Michigan state common law is separate and independent of the federally-based causes of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior causes of action; this Court accordingly has supplemental jurisdiction over said claim.

60. As set forth above, Plaintiff does business in the State of Michigan, where it owns and enjoys trademark rights throughout the United States in the Registered Marks for its goods and services.

61. Plaintiff's interest in the Registered Marks is valid and legally protectable.

62. The use of colorable imitations of the Registered Marks by Defendants in connection with the solicitation, provision, advertising, marketing and promotion of Defendants' goods and services is likely to cause and has caused confusion among individuals.

63. Defendants' alleged acts of infringement have been committed with the intent to cause confusion, mistake and to deceive.

64. Defendants' use of colorable imitations of the Registered Marks for Defendants' goods and services constitutes trademark infringement and unfair competition under the common law of the state of Michigan.

65. Plaintiff has been and will continue to be damaged as a result of Defendants' infringement.

66. Defendants' conduct and acts, as alleged above, will continue to cause irreparable harm to Plaintiff unless enjoined by this Court.

## COUNT IV
## MICHIGAN UNFAIR & DECEPTIVE TRADE PRACTICES
## (M.C.L. §§ 445.901 to .922)

67. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

68. Defendants despite being a charitable organization like Plaintiff, have acted as a competitor of Plaintiff.

69. Defendants have violated the Michigan Consumer Protection Act ("MCPA"), M.C.L. §§ 445.901 to .922, by infringing in the State of Michigan, the colorable imitation of Plaintiff's valid Registered Marks thus using a false designation of origin, false or misleading description of fact, or false or misleading representation of

fact, without authorization, and such use is likely to cause confusion, mistake and/or deception as to the origin, source, or sponsorship of Plaintiff's and Defendants' goods and services, or as to an association, affiliation, or connection between the parties, and engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its business.

70. Defendants' actions offend the public, are unethical, oppressive and/or unscrupulous, affecting donations now and in the future both within the state of Michigan and elsewhere.

71. Defendants knowingly engaged in unfair methods of competition and unfair and deceptive acts or practices against Plaintiff.

72. Plaintiff has been damaged by the unfair methods of competition and unfair and deceptive acts or practices of Defendants, and a causal link exists between the deceptive acts and the resulting injury. Defendants' use of a colorable imitation of Plaintiff's Registered Marks has caused and is causing Plaintiff to lose control of the goodwill associated with its marks, thus irreparably harming Plaintiff.

73. Pursuant to M.C.L. § 445.911, Plaintiff is entitled to recover the amount of actual damages caused by the unfair methods of competition and unfair and deceptive trade practices engaged in by Defendants in the conduct of its business, plus reasonable attorneys' fees.

74. Unless Defendants' actions are enjoined by this Court, Plaintiff will continue to suffer irreparable injury and damages. The quantum of these damages will be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests demands judgment against Defendants as follows:

1. Issue injunctive relief against Defendants and all others in active concert or participation with Defendants enjoining and restraining them from:

    a. Imitating, copying, or making any other infringing use of the Registered Marks and Plaintiff's name;

    b. Advertising, soliciting or promoting Defendants' non-profit organization and services using a colorable imitation or similar name of Plaintiff's Registered Marks and organization name;

    c. Using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the consumers or public erroneously to believe that any services provided are affiliated, connected, promoted, sponsored, approved or authorized by or for Plaintiff;

    d. Assisting, aiding or abetting any other person, organization or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

2. Enter an order requiring the destruction of all colorable imitations of the Registered Marks and Plaintiff's name which are in Defendants' possession or under their control.

3. Enter an order requiring Defendant, Wigs 4 Kids of Michigan, Inc. to change its name by amending its Articles of Incorporation.

4. Enter an order for an accounting and that orders and directs Defendants to pay Plaintiff's general, treble, actual (as proven at trial) and statutory damages as follows:

   a. Plaintiffs' actual damages, punitive damages, and Defendant's misappropriated donations (in lieu of profits) pursuant to 15 U.S.C. § 1117(a), for Defendants' willful violation of Plaintiff's Registered Marks;

   b. Plaintiff's damages and Defendants' misappropriated donations (in lieu of profits) pursuant to M.C.L. § 445.911 and Michigan common law.

5. Enter an order that orders and directs Defendants to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 15 U.S.C. § 1117(a)(3) and M.C.L. § 445.911.

6. Grant to Plaintiffs such other and additional relief as is available to this Court by law or equity.

Dated: May 8, 2017

Respectfully submitted,

*/s/ Keith A. Savidge*
Keith A. Savidge, Esq. (#0014242)
Daniel F. Gourash, Esq. (#0032413)
Seeley, Savidge, Ebert & Gourash Co., L.P.A.
26600 Detroit Avenue, Suite 300
Cleveland, Ohio 44145-2397
(216) 566-8200; (216) 566-0213 (facsimile)

Attorneys for Wigs for Kids, Inc.

## VERIFICATION

I, Jeffrey Paul, under penalty of perjury of the laws of the United States, states: That he is Founder of Wigs for Kids, Inc.; that he has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that to the best of his knowledge, information and belief the allegations thereof are true and correct.

Executed this 28th day of December, 2016, in Cuyahoga County, Ohio.

_____
Jeffrey Paul, Founder
Wigs for Kids, Inc.

SWORN TO AND SUBSCRIBED before me by the said Jeffrey Paul on this 29 day of December, 2016, to certify which witness my hand and seal of office.

_____
Notary Public

GARY A. EBERT, ATTY.
NOTARY PUBLIC • STATE OF OHIO
My commission has no expiration date
Section 147.03 O.R.C.

My Commission Expires:_____